## MOORE MILL & LUMBER CO. *v.* STATE TAX COMMISSION

Norman J. Wiener, Portland, Conrad L. Moore, Portland, and King, Miller, Anderson, Nash & Yerke, Portland, filed a brief for plaintiffs.

John C. Mull, Assistant Attorney General, Salem, filed briefs for defendant.

*Amicus Curiae* brief was submitted by Carmie R. Dafoe, Jr., Portland, and Sabin, Dafoe & Newcomb, Portland.

Decision for plaintiff rendered February 10, 1965.

EDWARD H. HOWELL, Judge (Pro Tempore).

The defendant State Tax Commission under their reappraisal program cruised a tract of timber owned by plaintiff. The cruise was incorrect and showed substantially more timber than actually existed on the property. The erroneous figure was used by the county assessor for determining the value of the timber as of January 1, 1962. Plaintiff, however, did not utilize the appeal procedures set out in ORS 309.100

and 306.515 for appeal to the Board of Equalization and the State Tax Commission.

Plaintiff harvested some of the timber during 1962 and reported the amount cut to the assessor as required by ORS 321.955. These reports showed the acres logged and the percentage, but not the actual volume, of timber removed.

In March, 1963, plaintiff and defendant State Tax Commission agreed that the cruise was incorrect and should be adjusted for the assessment date of January 1, 1963, by reducing the volume 28 per cent. Two months later the assessor, pursuant to ORS 321.655, notified the plaintiff of the additional tax due for the timber harvested in 1962. The assessor computed the additional tax based on a percentage of the erroneous cruise. This resulted in the tax being computed on 18 million board feet harvested when in fact plaintiff had cut only 14 million board feet during 1962.

Plaintiff paid the tax under protest and following ORS 321.655(2) filed an objection to the assessment. A hearing was held and the defendant State Tax Commission dismissed plaintiff's case for lack of jurisdiction. The case is before this court on a demurrer to plaintiff's complaint for a refund.

The defendant contends that plaintiff has no remedy for correcting the error because it did not appeal the assessor's erroneous valuation to the Board of Equalization and if necessary to the State Tax Commission. ORS 309.100 and 306.515.

It is plaintiff's position that relief is available under ORS 321.655 and ORS 321.660. These statutes generally provide for notice to the timber owner of the additional tax for timber harvested (ORS 321.645), the right of the owner to file a written objection to the additional tax, a hearing before the State Tax

Commission, and finally an appeal to this court in the event of an adverse ruling from the State Tax Commission.

The harvested timber is the basis for the additional tax imposed by ORS 321.645. Here the additional tax was based not on the actual amount of timber cut from the tract, 14 million feet, but on 18 million feet because of the incorrect cruise. The statute, ORS 321.655, allows the timber owner to object to the computation of the additional tax. Plaintiff did so and the basis of the objection was that the additional tax was erroneous because it taxed four million feet of timber that concededly had not been cut by the plaintiff.

To hold that the plaintiff has no remedy because he failed to appeal the assessor's valuation will result in compounding the error. This is neither good law nor good equity if there is a remedy available to correct the error. Plaintiff is attempting to raise the question by objecting to the additional tax which the statute allows it to do. The statute is general and does not delineate what may or may not be raised in the hearing on the objections to the harvest tax.

■ It is the court's conclusion that the State Tax Commission had authority and jurisdiction under ORS 321.660 to hear plaintiff's objections to the additional tax and correct the error. The fact that plaintiff failed to appeal the assessor's valuation does not prohibit relief. The parties have stipulated that this case not be remanded to the tax commission. Plaintiff is entitled to a refund and will prepare a decree in accordance with this opinion. No costs to either party.